**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES R. ORREN,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0158** (BOR Appeal No. 2051426)
                      (Claim No. 2009091937)

**MAGNUM COAL COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

In this workers' compensation action, James R. Orren, a shuttle car operator, injured his right knee and ankle in the course of his employment while loading rock dust into a scoop bucket for Magnum Coal Company. We are asked to determine the amount of permanent partial disability sustained as a result of this injury. After a thorough review of the evidence, we find that Mr. Orren was fully compensated by his prior 5% permanent partial disability award and is therefore entitled to no additional award. We also find, after consideration of the parties' briefs and evidentiary record, that the decisional process would not be significantly benefitted by oral argument. We find no substantial question of law or prejudicial error. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Orren's claim was held compensable for fracture of the medial malleolus and contusion of the knee. In order to determine the amount of permanent impairment sustained, Paul Bachwitt, M.D., performed an independent medical evaluation in which he found fifteen degrees of dorsiflexion, forty-five degrees of plantar flexion, twenty-five degrees of inversion, and ten degrees of eversion for the right ankle. Dr. Bachwitt diagnosed right knee contusion and closed, nondisplaced fracture of the right medial malleolus. He found Mr. Orren had reached maximum medical improvement and assessed 1% impairment. Mr. Orren was then granted a 1% permanent partial disability award.

Next, Bruce Guberman, M.D., performed an independent medical evaluation in which he found twenty degrees plantar flexion with the knee fully extended, fifteen degrees plantar flexion with the knee extended forty-five degrees, twelve degrees dorsiflexion with the knee fully extended, fifteen degrees dorsiflexion with the knee flexed forty-five degrees, ten degrees inversion, and eight degrees eversion for the right ankle. He found Mr. Orren had reached maximum medical improvement and recommended 4% impairment.

1

Following Dr. Guberman's assessment, Saghir Mir, M.D., performed an independent medical evaluation. He found fifteen degrees dorsiflexion, forty-five degrees plantar flexion, twenty-five degrees inversion, and ten degrees eversion for the right ankle. He noted that the right ankle showed slight varus alignment of the heel as compared to the valgus on the left ankle. He found Mr. Orren had reached maximum medical improvement and assessed 3% impairment. Based on his opinion, the Office of Judges reversed the claims administrator's grant of a 1% award and granted Mr. Orren a 3% permanent partial disability award instead.

Dr. Guberman then performed another independent medical evaluation in which he noted that Mr. Orren reported that his symptoms had progressively worsened without additional injury. Dr. Guberman found 114 degrees flexion and zero degrees extension, fifteen degrees plantar flexion with the knee fully extended, fifteen degrees plantar flexion with the knee extended forty-five degrees, five degrees dorsiflexion with the knee fully extended, zero degrees dorsiflexion with the knee flexed to forty-five degrees, fifteen degrees inversion, and four degrees eversion for the right ankle. He further noted a fifteen degree varus deformity at the right ankle. He found Mr. Orren had reached maximum medical improvement and assessed 5% impairment.

Another opinion was sought so Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found Mr. Orren had reached maximum medical improvement. He found twenty degrees inversion, ten degrees eversion, forty degrees plantar flexion, and twenty degrees dorsiflexion. He recommended 1% impairment. The claims administrator determined that no additional permanent partial disability award above the 3% already granted was necessary. However, the Office of Judges reversed the decision and granted a 5% permanent partial disability award. This decision was later affirmed by the Board of Review.

Robert Walker, M.D., next performed an independent medical evaluation. He found thirty degrees plantar flexion, twenty degrees extension, forty degrees flexion, and thirty-three degrees extension for the right ankle. He noted that Mr. Orren exhibited no varus or valgus deformities with the knees but made no comment regarding the ankle. He assessed 10% impairment. Dr. Guberman then performed his third evaluation and noted that Mr. Orren's symptoms had progressively worsened. He found ten degrees plantar flexion with the knee fully extended, ten degrees plantar flexion with the knee extended forty-five degrees, five degrees dorsiflexion with the knee fully extended, three degrees dorsiflexion with the knee flexed to forty-five degrees, two degrees inversion, and three degrees eversion for the right ankle. He noted a fifteen degree varus deformity. He recommended 8% impairment for range of motion loss and 10% whole person impairment for a combined total of 17% impairment.

Dr. Mukkamala was then asked to perform another independent medical evaluation. He found twenty degrees plantar flexion, ten degrees dorsiflexion, fifteen degrees inversion, and ten degrees eversion for the right ankle. He found no evidence of varus deformity and assessed 4% impairment. Dr. Bachwitt was also asked to perform another evaluation and found a fifteen degree varus deformity in the right ankle. The right ankle showed dorsiflexion of zero to seven degrees, plantar flexion of zero to thirty degrees, inversion of zero to fifteen degrees, and

2

eversion of zero to fifteen degrees. He found that the varus deformity was related to factors outside of the compensable injury, suggesting that Mr. Orren had an old ankle fracture prior to the subject injury which may have progressed to a varus deformity. Dr. Bachwitt assessed 4% impairment.

The claims administrator granted no additional permanent partial disability award beyond the 5% already awarded. The Office of Judges affirmed the decision and noted that Mr. Orren had gone almost five years in between treatments for the compensable injury. The Office of Judges concluded that he has a varus deformity of the right ankle. This was first noted by Dr. Mir and more fully brought to light by Dr. Guberman's evaluation in which he recommended 5% impairment. The Office of Judges determined that it had already considered Dr. Guberman's recommendation with regard to the varus deformity in prior decision. In that Order, the Office of Judges found that Dr. Guberman's observation of a varus deformity was uncorroborated by the evidentiary record. This decision was appealed to the Board of Review and this Court, both of which affirmed. In his third report, Dr. Guberman once again noted the varus deformity; however, this time he recommended 10% impairment. Dr. Mukkamala found no varus deformity in his report, and Dr. Bachwitt attributed the deformity to a non-compensable condition. The Office of Judges held that whether Dr. Guberman recommended 5% or 10% impairment for the varus deformity, the issue has already been ruled upon by the Office of Judges, Board of Review, and this Court. Dr. Bachwitt, the only orthopedic surgeon to recently examine Mr. Orren's ankle, indicated the deformity is not due to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal before this Court, Mr. Orren argues that Dr. Guberman found a progression of his impairment. Because Dr. Guberman had previously evaluated him, he was in the best position to determine if there was an aggravation or progression of the condition. Mr. Orren further asserts that Dr. Guberman's opinion does not need to be corroborated in order to be credible. Magnum Coal Company argues that Dr. Guberman was the only physician of record to find additional impairment for the varus deformity, and his opinion is not corroborated by the evidence of record.

After review of the evidence of record and the parties' arguments, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates Mr. Orren has been fully compensated by the 5% permanent partial disability award he has already received. No additional award is warranted. We therefore find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker